UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                                                          CAUSE NUMBER 21-cr-28

MICHAEL GREENE,

    Defendant

**DEFENDANT MICHAEL GREENE'S
OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, MICHAEL GREENE, the Defendant by and through undersigned counsel, hereby files this Opposition to Government's Motion in Limine, ECF 778, and would show the Court the following:

    The Government seeks to preclude defense arguments pertaining to law enforcement conduct on January 6, 2021, the actions of other rioters or their charges and case dispositions, and cross examination of Secret Service witnesses. ECF 778 pp. 12, 15, 19.

    Generally, courts should not prohibit a defendant from presenting a defense theory if there is some rational basis for it under the Federal Rules of Evidence 401 and 402. *United States v. Thompson,* 25 F.3d 1558, 1564 (11th Cir. 1994). Federal Rule of Evidence 401 states that evidence is relevant if it has a tendency to make a fact more or less probable and is of consequence in determining the action. Federal Rule of Evidence 402 states that relevant evidence is admissible.

    In its Motion in Limine No. 2, the Government seeks to preclude Defendant Greene from arguing or presenting evidence of alleged inaction by law enforcement officers. ECF 778, p. 13. Defendant Greene is charged with knowingly entering a restricted area. A mistaken belief that

people were allowed to enter defeats the intent of the charged offense. Barriers were down that Defendant Greene had no knowledge of being there. Furthermore, Defendant Greene has an extensive background in security and knowledge of security procedures. He understands the importance of following safety protocols and remaining clear of restricted areas. This evidence the Government seeks to preclude is relevant and therefore admissible in this case.

In its Motion in Limine No. 3, the Government seeks to preclude Defendant Greene from arguing or presenting evidence pertaining to the actions of other rioters or their charges and case dispositions. *Id.* at 15. This evidence is relevant to Defendant Greene's case as he was hired for security. Defendant Greene has not been notified whether or not testimony from co-defendants will be used as part of the government's case. Testimony from other alleged rioters or those who breached the Capitol throughout this case could be influenced by their own charges and case dispositions. This evidence will not mislead the jury as proper instruction can be given by the Court to avoid jury confusion and undue delay. This evidence should not be excluded.

In its Motion in Limine No. 5, the Government seeks to preclude improper cross-examination of Secret Service witnesses about sensitive information regarding their procedures for safeguarding protectees while visiting the Capitol. *Id*. at 19. The cross-examination of Secret Service witnesses is important in making it more or less probable that Defendant Greene committed the charged offenses, such as knowingly entering a restricted area. The Secret Service witnesses would have knowledge about the restricted areas and how areas are designated as restricted areas. This evidence is relevant and admissible in Defendant Greene's case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Government's Motions in Limine No. 2, 3, and 5 be denied so that Defendant Greene is not denied Due Process under the Constitution.

Respectfully Submitted,

_____
Britt Redden
Texas State Bar Number: 24091241
REDDEN LAW PLLC
1407 E. FM 1585
Lubbock, TX 79423
Telephone: (214) 699-8429
Fax: (214) 845-7006
Attorney for the Defendant,
Michael Greene

## CERTIFICATE OF SERVICE

On the 30th day of December 2022, I filed the foregoing document electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the Court's CM/ECF system, which will provide electronic service on all counsel of record.

_____
Britt Redden