UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                                CAUSE NUMBER 21-cr-28-APM-20

MICHAEL GREENE,

    Defendant

**DEFENDANT MICHAEL GREENE'S
MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Michael Greene, Williams Isaacs, Connie Meggs, and Bennie Parker by and through the undersigned counsel, hereby jointly file this Motion for Continuance under the Sixth Amendment to the United States Constitution and pursuant to Local Rule 57.2 of the Local Rules of Criminal Procedure for the United States District Court of the District of Columbia hereby respectfully moves the Court for an order continuing the trial of this cause. In support of this motion, Michael Greene would show the Court as follows:

-1-

The Sixth Amendment to the United States Constitution guarantees the right of a criminal defendant to a fair trial. Unexpected circumstances require continuance or postponement of the trial. Mr. Greene has conferred with counsel for his co-defendants and agrees to further toll time under the Speedy Trial Act to facilitate this continuance. To that end, and for the reasons discussed in the instant Motion, the ends of justice would be served by a continuance which substantially outweigh the interests of the public in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). Indeed, because of the historic nature of this case, the public's interest in a speedy trial must not overshadow the interest of the parties and the Court in ensuring a speedy trial that affords the defendants all rights guaranteed under the Constitution.

On Monday, January 9, 2023, at 9:40 P.M., Counsel received notice of materials from the House Select Committee (HSC) being disclosed, including transcripts of interviews and depositions including exhibits to the transcripts that do not appear to have been released publicly. There are approximately 255 witnesses whose transcripts are being produced, some with multiple transcripts. These transcripts amount to approximately 30 GB of data. A number of these materials relate directly to Defendants or to government trial witnesses. Moreover, we also know that a number of individuals relevant to the instant action have given transcribed interviews and/or depositions to HSC including Michael Greene, Stewart Rhodes and the Oath Keepers' general counsel, Kellye SoRelle.

-2-

In addition to the above noted productions, the government continues to make "Global Discovery" productions, the most recent such production, No. 23, was made on December 11, 2022. *See attached* **Exhibit A**. As noted in the cover letter for Global Production No. 23:

> "As of December 8, 2022, over 3.89 million files (over 7.06 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 724 digital devices and 402 Stored Communications Act accounts; 2,841 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 340 digital recordings of subject interviews; and 129,021 (redacted or anonymous) tips. Over 30,000 files consisting of body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies and the Hilton Garden Inn, have been shared to the defense evidence.com video repositories. For context, the files provided amount to over nine terabytes of information and would take at least 361 days to view continuously."

One terabyte is equal to "1,300 physical filing cabinets of paper." It also stores roughly:

- 250,000 photos taken with a 12MP camera;
- 250 movies or 500 hours of HD video; or
- 6.5 million document pages, commonly stored as Office files, PDFs, and presentations.

https://experience.dropbox.com/resources/how-much-is-1tb

Since December 8th, more than one million additional files have been produced. As of January 11, 2023, over 4.88 million files have been provided to the defense Relativity workspace. Moreover, in this case the government seeks to introduce hundreds of text messages, images and videos of varying duration that may or may not include any of the defendants or that may include one or another of the defendants in a single frame image within a sea of people. This strategy of prosecution is unlike any encountered by any of the very experienced defense counsel in this case and makes trial preparation particularly burdensome even if discovery had been completed months ago.

-3-

In sum, the government continues to produce extensive discovery materials on defendants past the deadline for filing motions and at a time when their effective use by the defense is limited because of time constraints. The continuing production of substantial amounts of discovery less than 30 days prior to trial and while defense counsel prepares for trial is an extraordinary situation, not previously experienced by any of the defense counsel.

This continuing production of voluminous discovery and other trial preparation materials "on the eve of trial" creates difficulties of a Constitutional Magnitude. This is especially true when the government produces materials without even having to identify when any of the materials are favorable to the defense under *Brady*, the Due Process Protections Act, and LCrR5.

The recent and surprising nature of this disclosure impairs counsel's ability to prepare

for trial and compromises the Defendant's right to a fair trial.

No reasonable diligence by the Defendant or Counsel could have anticipated the circumstances.

-4-

In addition, Defendant requests such a continuance is granted in order to exercise the right to effective assistance of counsel as guaranteed by the 6th Amendment to the United States Constitution.

The Supreme Court has held that part of the right to effective assistance of counsel involves an objective standard of reasonableness and "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668 (1984). An objectively reasonable attorney would want to review all discovery material, including the 30 GB of data for any exculpatory material. If this exculpatory material was overlooked due to an attorney not having time to review the recently disclosed material and not presented at Defendant's trial, the trial is likely to have a different result.

From the defense perspective, this practice of continuing to produce voluminous materials places an unjust and highly prejudicial burden on the defense and the defendant themselves. If some deficiency arises during the trial or is found after trial, the government can simply point to the fact that it produced the materials and claim that the fault, if any, lies with the defense. This practice improperly transfers the burden to defense counsel, who have an ethical obligation to review materials, investigate the case and consult with the clients so they may exercise their constitutional rights to assist in their own defense. However, when discovery is produced in this fashion, defense counsel cannot properly carry out those obligations.

Federal Rule of Criminal Procedure 33 states that the Court may grant a new trial if the

interest of justice so requires. The inability to review this large amount of data for exculpatory information could lead to ineffective assistance of counsel and to Defendant filing a motion for a new trial. The interest of justice requires more time for counsel to review material and prepare for trial.

Furthermore, section 2255 of the United States Code states that a prisoner can file a motion claiming the right to be released due to denial or infringement of constitutional rights. 28 U.S.C. §2255. If the court finds there has been a denial or infringement of the constitutional rights of the prisoner, the court shall vacate and set aside the judgment and shall discharge the prisoner or can grant a new trial. 28 U.S.C. §2255(b). The denial of adequate time to review recently disclosed discovery materials for exculpatory information impacts Defendant's constitutional rights to effective counsel and a fair trial, in which he may then file a motion under section 2255 to vacate his judgment and request a new trial.

-5-

The factors for a Judge to consider in whether or not to grant a trial continuance include (i) whether the failure to grant it would result in a miscarriage of justice, (ii) whether the case is so unusual or complex that it is unreasonable to expect adequate preparation for the trial itself, (iii) whether the failure to grant it would deny the counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. 3161(h)(7)(B). As outlined above, Defendant requests this continuance to avoid a miscarriage of justice due to not identifying and presenting exculpatory evidence, the complexity of this case requires more time to adequately prepare for trial, and the continuance is necessary for due diligence in effective preparation for trial.

-6-

In short, given the willingness of the defendants in this action to further toll time under the Speedy Trial Act and the fact that discovery is ongoing, the Court should vacate the February 1, 2023, trial date and set a scheduling hearing before the January 20, 2023 pre trial hearing to discuss the next feasible date for a trial to be held in this matter.

-7-

This Motion for Continuance is not made for purposes of delay, but that justice may be done.

A hearing on this motion is respectfully requested at the Court's earliest availability due to the upcoming trial date.

-8-

Counsel for the Defendant conferred with the Assistant United States Attorney Kathryn Rakoczy and co-defendants about this motion on January 10 and 11, 2023. The Government understands defense counsel's concerns and is not opposed to this motion but will file a separate response as opposed to joining in this motion.

Defendant prays that the Court enter an order continuing trial of this cause.

Respectfully Submitted,

_____
Britt Redden *
Texas State Bar Number: 24091241
REDDEN LAW PLLC
1407 E. FM 1585
Lubbock, TX 79423
Telephone: (214) 699-8429
Fax: (214) 845-7006
Attorney for the Defendant, Michael Greene

*Counsel with permission to sign for co-defendants joining, William Isaacs, Connie Meggs, and Bennie Parker.

**CERTIFICATE OF SERVICE**

On the 11th day of January 2023, I filed the foregoing document electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the Court's CM/ECF system, which will provide electronic service on all counsel of record.

Britt Redden

**EXHIBIT A**



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*601 D Street, N.W.*
*Washington, D.C.  20530*

December 11, 2022

      Re:  Capitol Siege Cases
           Global Discovery Production No. 23

Dear Counsel:

      This letter addresses Capitol Siege Section Discovery Unit Global Production No. 23 consisting of Relativity production volumes DOJCB_041 to DOJCB_043 and DOJ_ABD_037 to DOJ_ABD_038.[1]

      Materials shared to the defense Relativity workspace will become available to you upon your receipt of a license to access Relativity.[2]  Please be advised that sharing voluminous documents to the defense Relativity workspace can sometimes take several hours or days, depending on the size of files being shared.

---

[1] In both DOJCB and DOJ_ABD volumes, you may identify items associated with a particular individual by filtering in the CODE_IndivDefendant field (i.e., column) on the relevant subject's name. (Notwithstanding the name of the field, the fact that a person is named does not mean that they are in fact charged in a case.)  In DOJ_ABD volumes, you can identify the interview subject or individual from whom a device was derived by filtering on the 1B1D_Subject field.  You can learn more about the type of device or SCA account by filtering on the 1B1D_Device Description field.  These are all subjective work product fields we provided to the defense Relativity database solely to assist defense counsel in locating materials that may be relevant to specific individuals. The information we use to code items as being associated to a particular defendant is derived from a variety of methods, including text searches and original case file information.  Inadvertent miscoding can thus result in cases where individuals have similar names, or from overly broad search terms, human error, or other factors.  Accordingly, as the information available to us evolves, the names listed in that field may grow or shrink for any given document or group of documents.

[2] If you have never received an invitation to obtain a Relativity license, or you are experiencing difficulties or challenges with gaining access, please email Shelli Peterson at Shelli_Peterson@fd.org.

A. **Relativity Productions**

1. **Volume DOJCB_041:** On November 28, 2022, the following materials were produced with this volume.
    a. Radio transmissions for Elizabeth Glavey on the U.S. Secret Service Tango radio channel and related notes (CAPD_007134632 - CAPD_007134644).
    b. Radio transmissions for Inspector Lanelle Hawa on the U.S. Secret Service Tango radio channel and related notes (CAPD_007134645 - CAPD_007134651).
    c. Still photos from cameras within the Capitol that show the Vice President's detail moving through the building (CAPD_007134652 - CAPD_007134654).
    d. Still photos from an external camera showing the East Plaza of the Capitol on January 6, 2021 (CAPD_007134655 - CAPD_007134657).
    e. A U.S. Secret Service internal email regarding Vice President Pence's visit to the Capitol on January 6, 2021 (CAPD_007134658).

2. **Volume DOJCB_042:** On November 30, 2022, the following materials were produced with this volume:

    a. Capitol CCTV spreadsheet with start times normalized to EST as of November 17, 2022 (CAPD_007134659).

    When the FBI collected surveillance footage from the U.S. Capitol Police, the footage was saved in two different time formats (UTC and EST). The Capitol CCTV spreadsheet is work product created by the Discovery Unit that normalizes all the CCTV start times to EST and is designed to facilitate finding videos for a particular time in evidence.com.

    b. Materials gathered by the FBI relevant to individuals associated with the CODE_IndivDefendant identifier 100T-WF-3414040-SUB_B (CAPD_007134660 - CAPD_007134676).
    c. Materials gathered by the FBI related to 21 individuals, who are listed in the attached index (CAPD_007134677 - CAPD_007145318).

3. **Volume DOJCB_043:** The FBI received tips online regarding the identification of people on social media involved in illegal activities on January 6, 2021. On December 7, 2022, 17,960 such tips were shared to the defense Relativity database. These tips were provided in redacted format to protect the identity of the person providing the tip (CAPD_007158659 - CAPD_007179041).

4. **Volume DOJ_ABD_037:** On December 2, 2022, DOJ_ABD items associated with 3 individuals, Matthew Greene, Travis Wayne Nugent, and Anthony Alexander Antonio, were produced to the defense Relativity database (CAPD_007150748 - CAPD_007155515).

5. **Volume DOJ_ABD_038:** On December 6, 2022, DOJ_ABD items associated with 15 individuals (identified in the attached index) were produced to the defense Relativity database (CAPD_007155516 - CAPD_007158658).

Corresponding indexes have been made available via USAfx. The document entitled "DOJCB_Index.COMBINED.Vol 23.xlsx" includes this production and all prior DOJCB productions. The document entitled "DOJ_ABD_Index.COMBINED.Vol 23.xlsx," includes this production and all prior DOJ_ABD productions. The PDF versions of these indexes correspond to the instant production (only). Sensitivity designations for the materials described above are identified in these indexes and in the defense Relativity database.

As of December 8, 2022, over 3.89 million files (over 7.06 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 724 digital devices and 402 Stored Communications Act accounts; 2,841 FBI FD-302s and related attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 340 digital recordings of subject interviews; and 129,021 (redacted or anonymous) tips. Over 30,000 files consisting of body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies and the Hilton Garden Inn, have been shared to the defense evidence.com video repositories. For context, the files provided amount to over nine terabytes of information and would take at least 361 days to view continuously.

B. **Application of Protective Order**

If you receive any materials, whether in case-specific or global discovery, designated Sensitive or Highly Sensitive and (a) there is no protective order entered in the applicable case or (b) your client has refused to sign a written acknowledgment that s/he has read, understands and agrees to abide by the terms of the applicable protective order, we request that you refrain from disseminating those materials to your client. Instead, please inform the assigned prosecutor in writing and give them at least one week to file a motion with the Court to ensure that discovery materials are adequately protected.

***

We will forward additional discovery as it becomes available.

Sincerely,

*[signature: E. Miller]*

EMILY A. MILLER  
Chief, Discovery Unit  
Capitol Siege Section