## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **DONOVAN CROWL,** | : | |
| **SANDRA PARKER,** | : | |
| **BENNIE PARKER,** | : | |
| **LAURA STEELE,** | : | |
| **CONNIE MEGGS,** | : | |
| **WILLIAM ISAACS,** | : | |
| **JAMES BEEKS, and** | : | |
| **MICHAEL GREENE,** | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SEVER

On December 30, 2022, Defendant Greene filed a motion to sever his case from that of Defendant James Beeks.  ECF No. 808.  Defendant Sandra Parker has joined the motion.  ECF Nos. 817.  Defendant Greene's motion is based on his perception that Defendant Beeks holds himself out to be a "sovereign citizen," and that such status will cause the jury to be biased against him and all his co-defendants.  The government opposes severance on that ground but asks for leave until the pretrial conference next Friday, January 20, to state its position on which defendants should be part of the February trial.

Although Rule 14 of the Federal Rules of Criminal Procedure allows for severance of properly joined defendants, the defendant requesting the severance bears the heavy burden of showing that joinder would cause substantial prejudice. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  The Supreme Court has defined "prejudice" in this context to be a "serious risk that a joint trial would compromise a specific trail right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.*

Whether or not Mr. Beeks holds that ideology, such a status is not relevant and this Court should preclude any references to that status at trial.  Accordingly, Mr. Beeks' joinder should not prejudice any other defendants.  Even if Mr. Beeks' alleged status as a sovereign citizen were to become an issue at trial, the Court could mitigate any prejudice with instructions to the jury. Accordingly, the government asks that Defendant Greene's motion to sever be denied.

That being said, the government asks for leave to state its position on which defendants should be part of the February trial until the pretrial conference next Friday.  As stated in the government's opposition to the defendants' motion to continue, ECF No. 826, the government is in ongoing plea discussions with some defendants, and the outcome of those discussions may impact the government's position on trial groupings for this case.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:      /s/
         Kathryn L. Rakoczy
         Assistant United States Attorney
         D.C. Bar No. 994559
         Troy A. Edwards, Jr.
         Louis Manzo
         Jeffrey Nestler
         Assistant United States Attorneys
         U.S. Attorney's Office for the District of Columbia
         601 D Street NW
         Washington, D.C. 20530

         /s/
         Alexandra Hughes
         Trial Attorney
         National Security Division,

United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004