IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-28 (APM)** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL GREENE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING WHEN DEFENDANT BECAME A WITNESS FOR A CO-CONSPIRATOR**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby requests that the Court preclude Defendant Michael Greene from presenting evidence and testimony suggesting that he was charged shortly after he agreed to testify as a witness on behalf of co-conspirator Elmer Stewart Rhodes III. Such evidence and testimony not only raises the baseless and prejudicial accusation that he was charged by the government to prevent him from becoming a witness for the defense but also threatens to confuse and mislead the jury.

Defendant Greene opened on the contention that he was charged within days of agreeing to be a witness for co-conspirator Rhodes. The government did not charge Mr. Greene because of his status as a witness. This is a fact the government will be prepared to prove if the defense should be permitted to proceed with this defense. It is a fact the defense knows, because counsel for Mr. Greene told government counsel in the weeks before he testified for Rhodes that he was still deciding whether to testify. It is likely for this reason that the defense filed no pretrial motion to dismiss the indictment in this case for prosecutorial misconduct or vindictive prosecution. Indeed, if there were merit to this baseless claim, it should have been resolved prior to trial.

Thus, the question of why Mr. Greene was charged by the government is not a relevant issue for the jury's consideration. Even if it were, under Rule 403 of the Federal Rules of Evidence, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." This baseless allegation is misleading because it is not true, and it is unfairly prejudicial to the government. It is likely to confuse the issues, because if the defense is permitted to make this suggestion, the government will be prepared to introduce evidence of the following in its rebuttal case: (1) when an investigation was opened into Mr. Greene; (2) a timeline of investigative steps taken to look into Mr. Greene's conduct and what evidence the government located that informed its decision to charge; (3) whether the government had any knowledge that Mr. Greene had agreed to be a witness for Mr. Rhodes prior to his being charged; (4) whether Mr. Greene's attorneys were aware of this fact (and thus whether and when the offer became a reality); and (5) when the grand jury was available to return the indictment it ultimately returned charging Mr. Greene. This evidence will be lengthy, present complicated legal issues, and will confuse the jury.

For all of these reasons, the government asks this Court to preclude the defense from eliciting testimony or presenting evidence of when Defendant Greene agreed to become a witness for Rhodes in relation to the date he was charged.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:      /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

     /s/
Alexandra Hughes
Trial Attorney
National Security Division,
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004

3