## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 21-cr-28 (APM)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MICHAEL GREENE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

**DEFENDANT GREENE'S RESPONSE IN OPPOSITION TO GOVERNMENT'S
MOTION *IN LIMINE* TO PRECLUDE TESTIMONY REGARDING
<u>WHEN DEFENDANT BECAME A WITNESS FOR A CO-CONSPIRATOR</u>**

PLEASE TAKE NOTICE that Defendant Michael Greene ("Mr. Greene"), through undersigned counsel, hereby respectfully submits this Opposition to Government's Motion in Limine (ECF Doc. 876) to preclude Defendant Greene from offering testimony with respect to timing of the decision to seek an indictment against him, and the fact that the decision to do so was apparently made close in time to his discussions with counsel representing defendants in <u>United States v. Rhodes</u>, Et al., 22-cr-0015 (APM).

The Government possessed all the information it relied upon to indict Mr. Greene more than year prior to doing so.  The FBI knew of Mr. Greene's identity and activity on January 6, 2021, as early as January 28, 2021.  Mr. Greene was interviewed several times by the FBI and voluntarily gave his cell phone to FBI SA Palian on May 25, 2021. The FBI had obtained Rhodes' cellular phone earlier in May 2021.

Mr. Greene was unindicted at the time he was first contacted by attorneys for defendants in the <u>Rhodes</u> case approximately four months before the scheduled September trial date.  Mr. Greene agreed that he would testify if called as a witness.  Mr. Greene was not represented by counsel at that time.  In fact, Mr. Greene was not represented by counsel when he was indicted on June 22, 2022, having never been told by the Government prior to that time that he was a "target" of the ongoing investigation.  The docket of this case shows that Defense Counsel Redden filed her Notice of Appearance (ECF Doc. 714) on July 22, 2022, one month after Mr. Greene was indicted.

Defense Counsel Redden immediately began a dialogue with the Government, including discussions about whether Mr. Greene would testify on behalf of the Government in exchange for a dismissal of the charges against him.  Based on those conversations, and the good faith

expectation that the Government would continue to engage in a dialogue that would lead to an acceptable resolution, Ms. Redden did not seek to have the charges dismissed – not that she had any obligation to do so for purposes of this Opposition.

When the Government failed to respond with a resolution, Mr. Greene viewed the Government's decision to indict him as an effort to keep him from being a witness as he had agreed.  Mr. Greene knows now that the Government was in communication with people that were close to Mr. Greene during this period of time, and it is possible the Government learned about his decision to testify as a result.  Mr. Greene chose to proceed with his commitment and not be intimidated into not testifying in the Rhodes trial.

The Government has built entire theories of criminal liability around the relative sequence of events involving multiple individuals and multiple kinds of evidence, sometimes based on nothing more than inferences built upon temporal proximity between them.

A relevant evidentiary question here is whether the Government so doubted the strength of its case against Mr. Greene that it chose to not even seek an indictment against him until it had an ulterior motive for wanting to do so – a suggestion that seems buttressed by the testimony of Co-Case Agent Cody who admitted he can't say Mr. Greene deleted a text message off his phone notwithstanding the fact Mr. Greene was charged with a federal crime tied to that specific allegation.

The Government obtained the Seventh Superseding Indictment in this case on January 22, 2022, splitting off several defendants into U.S. v. Rhodes, 22-cr-00015.

It was another six months – June 22, 2022 – before it obtained the Eighth Superseding Indictment in this case adding Mr. Greene for the first time.

It had not done so in the original indictment and seven additional superseding indictments in this case, nor in the original and superseding indictment in Rhodes.  That's 10 opportunities the Government had to charge Mr. Greene, but did not do so.  The Government then elected to charge

him only AFTER Mr. Greene agreed to testify as a defense witness in <u>Rhodes</u>.

Allowing the Government to hide it's decision-making from the jury as part of its effort to send Mr. Greene to federal prison would be an outrageous miscarriage of justice.  The whole sequence of events was orchestrated entirely by the Government.

For all of these reasons, Defendant Mr. Greene asks this Court to deny the government's Motion In Limine to preclude testimony regarding the timing of his discussions with defense counsel in Rhodes as it relates to the date on which he was first charged.


Respectfully submitted,


By:    _____

Britt D. Redden
Redden Law, PLLC
Texas Bar No. 24091241
1407 E. FM 1585
Lubbock, TX 79423


*Counsel for Defendant Michael Greene*