**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-28 (APM)** |
| | **:** | |
| **MICHAEL GREENE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States respectfully opposes Defendant Michael Greene's motion to modify conditions of release (ECF No. 915). Following his indictment and arrest, this Court placed certain restrictions on Defendant Greene's conditions of release, including that he not possess firearms and that he not possess or obtain a passport or engage in international travel. ECF No. 701. On April 1, 2023, Defendant Greene petitioned this Court to lift these restrictions. ECF No. 915.

On March 20, 2023, a jury found Defendant Greene guilty of entering or remaining a restricted building or grounds on January 6, 2021, in violation of 18 U.S.C. § 1752(a)(1). Sentencing has not yet been scheduled. Through its verdict, the jury found, at a minimum, that on the afternoon of January 6 Defendant Greene entered the United States Capitol grounds, knowing them to be restricted for public access. The evidence at trial further established that, while on the Capitol grounds, the defendant observed what he himself referred to as a "riot" unfolding, while the U.S. Congress' certification of the 2020 Presidential Election was unfolding inside the building. 3/7/23AM Tr. at 6128. Rather than leave, Defendant Greene remained on the grounds for several hours as part of the mob. Gov. Exh. 1500.4. While there, the defendant photographed the riot and sent these photographs to acquaintances with messages reading, "Storming the capital," and "Were storming the Capitol." *Id.* Defendant called the rioters "patriots" in a message

to a group chat involving his alleged co-conspirators and told those same alleged co-conspirators, "The[y] have taken ground at the capital.  We need to regroup any members who are not on mission."  Gov. Exhs. 1500.4, 9902.  By his own admission, the defendant did not try to dissuade alleged co-conspirator Joshua James from coming to the Capitol grounds when James told him he was en route, even though he was James' "commander or team leader" and James had run every prior move he had made that day by Greene.  3/7/23AM Tr. at 6149-53.

At a minimum, the evidence at trial established that Defendant Greene participated in and lauded the riot that occurred at the Capitol on January 6, 2021, and he was the leader of a group that included 19 of the rioters who breached the building that day.  Defendant Greene is facing up to one year of incarceration at sentencing.  18 U.S.C. § 1752(b)(2).  Especially considering the nature of the charge, the fact that the jury deadlocked but did not acquit on the obstruction of Congress count, and that the government anticipates seeking a term of incarceration, there is no basis for the Court to relax Defendant Greene's conditions of release to allow him to  possess firearm or engage in international travel.

"The condition prohibiting possession of firearms is recognized as necessary and appropriate in many cases for the protection of persons, including Pretrial Services Officers responsible for supervising pretrial releasees." *United States v. Slye*, No. 22-mj-144, 2022 WL 9728732, at *3 (W.D. Pa. Oct. 6, 2022).[1]  The same is true for Defendant Greene: he should not be allowed to possess firearms while still being supervised by Pretrial Services Officers pending his sentencing.

A pretrial defendant's restriction on possession of firearms and international travel are specifically contemplated by the Bail Reform Act.  *See* 18 U.S.C. § 3142(c)(1)(B)(iv) and (viii).

---

[1] The same firearms restriction was imposed by Magistrate Judge Meriweather and then continued by Chief Judge Boasberg following the defendant's guilty plea, in case 22-cr-334.

And now that Defendant Greene has been found guilty of an offense and is awaiting imposition of a sentence, it is *his* burden to convince the Court, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of the community.  18 U.S.C. § 3143(a)(1).  On March 20, 2023, following the jury's verdict and the government's request for detention, the Court made the requisite finding, allowing Defendant Greene to remain on release pending sentencing with the same conditions previously imposed.  3/20/23 Tr. at 7344-45.  Those conditions include the standard restrictions on international travel and firearms possession.  ECF No. 701.  Defendant Greene has not met his burden to convince the Court to further relax his conditions of release.

WHEREFORE, the government respectfully requests that the defendant's motion to modify conditions of release be DENIED.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:

Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Alexandra Hughes
Jeffrey S. Nestler
Assistant United States Attorneys