UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00028-APM |
| | ) | |
| **DONOVAN CROWL, et al** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT MICHAEL GREENE'S REPLY TO GOVERNMENT'S
OPPOSITION TO DEFENDANT'S MOTION TO
MODIFY CONDITIONS OF RELEASE**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

It seems to have escaped the Government's notice that 12 jurors unanimously decided that Michael Greene did not join or participate in the conspiracies that were charged as Counts 1 and 3 of the Eighth Superseding Indictment, nor did he commit obstruction of justice as charged in Count 9.

As for the fourth charged felony, Count 2, while the jury was not able to reach a verdict, it is noteworthy that the one juror who has given a recorded interview to CSPAN of her experience on the jury said that her understanding of the law on the Sec. 1512(c) count – Count 2 -- was that it was sufficient to convict if a defendant was merely on "restricted grounds" during the period the congressional proceeding was suspended, based upon testimony she claimed to have heard that the Election Certification proceeding could not resume while anyone was on the Capitol grounds – as contrasted with being inside the Capitol.

Counsel for Mr. Greene is not aware of any trial where the Government has posed that theory of criminality under Sec. 1512(c), nor has counsel read a factual basis for any guilty plea to a Sec. 1512(c) count in any other case where mere presence on the Capitol grounds was asserted as a sufficient factual basis for "corruptly obstructing" the official proceeding taking place inside the Capitol.

Thus, the fanciful notions of Mr. Greene's alleged participation as described by the Government in its Opposition to the motion to modify Mr. Greene's conditions for release have all been rejected by the jury.

What Mr. Greene may have said to others, or what he may have texted to others during the course of the day on January 6, when disassociated from the conspiracies of which he was acquitted by the jury, were all protected political speech.

Mr. Greene is a highly trained and experienced security professional, and firearms are a tool of his profession.  He holds numerous certifications with regard to the possession and use of firearms for lawful employment purposes as he testified to at trial.

The Government's position does nothing more than keep him from seeking employment and infringes on his Second Amendment rights given that there is no legal basis to deprive him of his constitutional right to possess and carry a firearm for any purpose.

Mr. Greene informally requested to be removed from the sentencing schedule with the other defendants in the three Oath Keeper trials so that his sentencing will not be held captive to the sentencing complications of that process.

The Government now states that it opposes this request, but it is difficult to comprehend a non-frivolous purpose behind such opposition.

The jury rejected the Government's claim that Mr. Greene was part of any illegal Oath Keeper activity on January 6.  It has convicted him for his own individual decision to enter and remain in the restricted grounds.  He did not enter with any Oath Keeper group – he came with two companions who have not been charged with any crime.  For purposes of sentencing, there are no

overlapping legal or factual issues between Mr. Greene and the others convicted in the three Oath Keeper trials.

That the Government will seek incarceration at sentencing is a red herring.

Mr. Greene will be seeking a sentence of probation.

Both sides have their point of view, and the Government's is not worthy of more consideration than Mr. Greene's for purposes of this motion.

At the time of his release certain conditions of pretrial release were imposed as the "least restrictive … combination of conditions … [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community."

The circumstances of the case on June 30, 2022, when the current conditions were imposed was substantially different than the circumstances of the case now. Mr. Greene no longer faces a potential prison term of up to 20 years in custody. The facts known to the Court, based on the trial testimony from three trials – including two trips to the witness stand by Mr. Greene – provide a completely different factual backdrop from the one known to the Court in June 2022 when the current terms and conditions were put in place. The Court now has a much more complete picture of Mr. Greene with regard to "the history and characteristics of the person."

Based thereon, the lack of a *bona fide* legal or factual basis to oppose the motion, Defendant Greene requests that his conditions of release be modified as requested.

Dated: April 6, 2023						Respectfully Submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*