UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL GREENE,<br><br>            Defendant. | Case No. 21-cr-28-20-APM |

**GOVERNMENT'S REPLY TO GREENE'S SENTENCING MEMORANDUM**

Through his sentencing memorandum, ECF No. 985, Defendant Michael Greene asks this Court for a sentence of probation. Such a sentence would not adequately reflect the defendant's role in leading at least 19 members and affiliates of the Oath Keepers who breached the United States Capitol on January 6, 2021, in an effort to stop Congress from certifying the 2020 presidential election. A probationary sentence would also fail to deter those who would lead such attacks on our democracy in the future, and it would result in an unjust disparity when compared to the sentences imposed on those who played less of a leadership role in the attack on the Capitol.

A. The Defendant's Relevant Conduct

It is appropriate for this Court to consider at sentencing the fact that the defendant committed the offense of conviction (entering and remaining in the restricted area of the Capitol grounds on January 6, 2021) with the intent to commit a felony, to wit, obstructing the official proceeding that was underway inside the Capitol building at that time. The Sentencing Guidelines explicitly recommend that where the defendant committed the offense of his conviction with the intent to commit a felony, the Court should apply the base offense level for that felony crime. U.S.S.G. §§ 2B2.3(c)(1), 2X1.1. Here, the applicable Chapter Two base offense level for obstruction of an official proceeding is Section 2J1.2 (Obstruction of Justice). That results in a

1

minimum offense level of 14, and a recommended sentence of 15-21 months of incarceration, before the application of any specific offense characteristics or adjustments.

Defendant asks the Court to decline to consider the role that the defendant played on January 6 as the operations leader of the Oath Keepers who breached the Capitol, because the defendant was acquitted of participating in a conspiracy with these individuals. In so arguing, the defendant cites the statement issued by Justice Sotomayor with the Supreme Court's recent denial of the petition for writ of certiorari in *United States v. McClinton*, No. 21-1557, *see* 600 U. S. \_\_\_\_ (2023). In that statement, Justice Sotomayor questioned the fairness of relying on acquitted conduct to impose a higher sentence on a criminal defendant.

The jury did not acquit the defendant, however, of the substantive charge of obstructing an official proceeding. Instead the jury was unable to reach a unanimous verdict on this count. Thus, the government and Pre-Sentence Report writers are not asking the Court to consider acquitted conduct when they suggest that the Court find that Defendant Greene committed the offense of entering and remaining in the restricted grounds of the Capitol with the intent to obstruct an official proceeding, and to therefore apply the base offense level for obstruction of justice. The Court need not even address the question of whether to consider acquitted conduct to find that, at a minimum, the Sentencing Guidelines recommend a sentence of 15-21 months of incarceration.

That said, this Court can and should consider as relevant conduct Greene's participation and role in leading the Oath Keeper members and affiliates who attacked the Capitol on January 6. As Justice Sotomayor acknowledged in her statement, "A sentencing judge makes findings by a preponderance of the evidence, whereas a jury applies the higher beyond-a-reasonable-doubt standard. Because an acquittal could reflect a jury's conclusion that the evidence of guilt fell just short of the beyond-a-reasonable-doubt standard, the argument goes, there is no conflict with a

judge making a contrary finding of guilt under a lower evidentiary standard." No controlling legal precedent or policy statement from the Sentencing Commission has held otherwise to date.

More to the point, "[A defendant] was not 'acquitted' for conduct unless the jury necessarily determined that the facts underlying a charge or enhancement were not proved beyond a reasonable doubt." *United States v. Khatallah*, 41 F.4th 608, 648 (D.C. Cir. 2022), cert. denied, No. 22-7065, 2023 WL 4163280 (U.S. June 26, 2023). Here, the jury did not necessarily reject the facts underlying the applicable specific offense characteristics as determined by the Pre-Sentence Report. For all the reasons laid out in the government's sentencing memorandum, the evidence at trial established by a preponderance of the evidence that Greene called to the Capitol Oath Keeper members and affiliates under Greene's leadership intending that those individuals engage in the attack. That Greene committed his offense of conviction with that intent supports a finding that Greene's offense of conviction caused and threatened property destruction or injury to others in order to obstruct the administration of justice, U.S.S.G. §2J1.2(b)(1)(B); resulted in substantial interference with the administration of justice, U.S.S.G. § 2J1.2(b)(2); and was extensive in scope, planning, or preparation, U.S.S.G. § 2J1.2(b)(3). Such findings need not rest on the acquitted conduct.

B. The Need for a Significant Sentence of Incarceration

The defense makes the baseless assertion that the government charged Greene because he agreed to testify on behalf of co-conspirator Elmer Stewart Rhodes III and other members of the Oath Keepers. Defendant Greene was charged because the evidence showed that he led the Oath Keepers onto the Capitol grounds and into the building in an unprecedented attack on our democracy. For that same reason, a significant sentence is necessary to adequately reflect the seriousness of Greene's offense, to promote respect for the law, to provide just punishment for the

offense, and to deter the defendant and others from engaging in such conduct in the future. 18 U.S.C. § 3553(a)(2)(A)-(C). Such a sentence is also important to avoid a disparity with the sentences imposed on Greene's alleged co-conspirators in related Case No. 22-cr-15-APM. 18 U.S.C. § 3553(a)(6). It would be unfair for Greene to receive a lesser sentence than those he led, simply because he led from the outside of the building and was more careful with his words.

### C. Conclusion

This Court can and should find by a preponderance of the evidence that Defendant Greene knowingly and intentionally set into motion the Oath Keepers' attack on the Capitol on January 6, 2021, with the intent to obstruct, hinder, and delay Congress' certification of the Electoral College vote. For this conduct, Defendant Greene deserves a sentence of one year of incarceration.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:       /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Alexandra S. Hughes
Jeffrey S. Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530