UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL GREENE,<br><br>    Defendant. | Case No. 21-cr-28-20-APM |

### GOVERNMENT'S SURREPLY TO GREENE'S REPLY IN SUPPORT OF SENTENCING MEMORANDUM

In his reply in support of his sentencing memorandum, ECF No. 997, Defendant Michael Greene suggests that he had nothing to do with Joshua James' decision to enter the Capitol on January 6, 2021. This is contrary to what James has told law enforcement. According to James, when he saw on the news that people were storming the United States Capitol, he called Greene, asked where Greene was, and told Greene he was awaiting further instructions. According to James, Greene told him to "get to the Capitol." James understood Greene to be giving him a direct order to go to the Capitol. James further stated that there was a possibility that Greene may have wanted him to participate in what was going on inside the Capitol, but he acknowledged that he could only speculate as to Greene's intent because Greene did not utter those words.

The occurrence of this phone call is corroborated by cell phone records introduced as government's Exhibit 2424.1, although those records suggest that Greene called James. Greene called James at 1:27 p.m., and they spoke for five minutes and 47 seconds. Their last call prior to that time was at 12:50 p.m., and was also initiated by Mr. Greene, and their next call after was at 1:48 p.m., when James called Greene and the call connected for one minute and five seconds.

It is likely that it was in one of those two calls (at 1:27 p.m. or at 1:48 p.m.) that Greene

told James to get to the Capitol, because they did not have another call of more than a few seconds until 3:00 p.m. Gov. Ex. 2424.1. James and the other members of Line Two traveled on golf carts to the Capitol in the 2:30-2:35 p.m. time period. Gov. Exs. 1500.4, 1508. Additionally, it was at 2:04 p.m. that James messaged the "Jan 5/6 DC Op Intel team" chat, "Were coming to Capitol ETA 30 MIN." Gov. Ex. 1500.4 at 4:07. Minutes earlier, on that chat, a participant had asked whether those storming the Capitol were "actually Patriots," and Greene had responded, "There patriots." *Id.* Significantly, that entire chat had been deleted from Greene's phone by the time it was searched by law enforcement. 3/8/23AM Tr. at 6519-26.

Greene and James had a minute-long phone call at 3:00 p.m. and a three-and-a-half-minute call at 3:04 p.m. Gov. Ex. 2424.1. In his sentencing reply memorandum, Greene suggests the government has "INVENT[ED] substance for the [3:04-]3:08 telephone call" by pointing out that, moments after that call, James led the second wave of Oath Keepers members and affiliates up the steps and into the Capitol. ECF No. 997 at 4. Greene further notes that James has "told the Government that any further efforts to communicate by telephone were made impossible by technical failures or simply because the background noise was too loud to be understood."

It is true that James has denied any further successful communication with Greene prior to breaching the Capitol, and that he has taken personal responsibility for the decision to lead Line Two into the building. But the 3:04 p.m. call between Greene and James lasted *three-and-a-half minutes*. Gov. Ex. 2424.1. At 3:06 p.m., *while talking to James*, Greene messaged an acquaintance, "Were storming the Capitol." Gov. Ex. 2400.T.1.273. That message was also deleted from Greene's phone. 2/27/23PM Tr. at 4579-82; 3/8/23AM Tr. at 6519-26. And at 3:15 p.m., as James breached the East Rotunda doors, Greene took a photograph of that part of the Capitol building. Gov. Ex. 1500.4.

The government is not inventing any facts. It is merely asking this Court to draw reasonable inferences from the evidence. And, more to the point, it is defendant Greene and not the government who has sought to rely on information provided by James—who did not testify at trial—to support his arguments for a more lenient sentence. The government submits that the Court has sufficient record evidence to find by a preponderance that Defendant Greene committed his offense of conviction with the intent to commit the felony of obstruction of an official proceeding. The Court should impose a sentence consistent with the Sentencing Guidelines for such an offense and commensurate with his role in the attack on the Capitol.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:       /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Alexandra S. Hughes
Jeffrey S. Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530